UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA
FIFTH DIVISION
19-cv-1080 ECT/LIB

Troy K. Scheffler,
           Plaintiff,

Vs.

                          **AMENDED COMPLAINT**
                             Jury Demanded

Mercantile Adjustment Bureau, LLC,
           Defendant.

COMES NOW THE PLAINTIFF AND STATES HIS CAUSE OF ACTION AS FOLLOWS:

## INTRODUCTION

Plaintiff Troy Scheffler, individually and on behalf of all persons similarly situated, sues Defendant for actions under the Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. §1692. Plaintiff demands trial by jury.

## SUBJECT MATTER JURISDICTION

1. Plaintiff states a federal question under 15 U.S.C. §§1962e and 1692c.

1

2. This court has subject matter jurisdiction in accordance 15 U.S.C. § 1692k(d) and 28 U.S.C. §1331 as a federal question.

3. With invocation of Fed. R. Civ. P. 23, the court has 28 U.S.C. §1331 federal question jurisdiction with respect to interests of the class of consumer debtors.

## VENUE

4. Plaintiff lays venue in this court in accordance with 28 U.S.C. §1391 and LR D. Minn. 83.11, as the defendant's registered office is located in the judicial district of Minnesota, and the Plaintiff resides in Crow Wing County, Fifth Division of the Judicial District of Minnesota.

## PARTIES

5. Plaintiff Troy K. Scheffler is an adult man domiciled at 26359 Shandy Trl, Merrifield, MN 56465.

6. Mercantile Adjustment Bureau, LLC (Mercantile) is a foreign corporation having a registered office address at 1010 Dale St N, St. Paul, MN 55117-5603.

## THE FACTS

7. That Plaintiff is considered a consumer under the Fair Debt

Collection Practices Act (FDCPA).

8. That Defendant is considered a debt collector and collection agency under the FDCPA and Minn. Stat §332.31.

9. That on 08/07/2018, Defendant through an employee did telephone Plaintiff, "Hello this is Raymond White (40117829), I have an important message from Mercantile Adjustment Bureau, LLC. This is a call from a debt collector, please call us back at 1-866-513-9461 x4030 When calling, please use reference number 28078920."

10. That on 08/09/2019, Defendant did call Plaintiff through an employee, "This is Dale Muszynski (20239343), I have an important message from Mercantile Adjustment Bureau, LLC, a debt collector. I can be reached here at 1-866-513-9461 reference 28078920 I can be reached here at 866-513-9461".

11. 08/13/2019, the same message was left.

12. The same day, Plaintiff later called Defendant; he spoke with Dan, who stated that when Raymond White left messages on Plaintiff's line that he "definitely knew" they were to the Plaintiff and that the calls were leaving information with "more

than a hang up call" and "that I should know the call is for me".

13. That on 09/12/2019 Defendant through an employee did telephone Plaintiff and he answered the call.

14. On 09/12/2019, Defendant through employee called Plaintiff, "My name is Lauren Pitri[sp?] I am calling on a recorded line I am trying to reach Troy Kenneth Scheffler. I am Lauren Pitri I'm calling from Mercantile Adjustment Bureau on behalf of Bank of America. How are you doing today? I'm calling on behalf of your Bank of America credit card that was placed in collections with a balance of $19,557.47. Are you in any position to take care of that today? Are you in any position to take care of any of the balance?...Collection activity will continue…"

15. On 09/29/2019, Defendant called and a female voice hung up on Plaintiff.

16. That on 10/01/2018, Plaintiff called Defendant and spoke to Andrew Lombardo (40498296).

17. After a lengthy conversation, Lombardo kept demanding that he would send debt validation papers.

18. Plaintiff adamantly denied them to be sent.

19. Plaintiff stated he would be filing a cease and desist immediately.

20. On 10/02/2019, Plaintiff served a cease and desist via email to Defendant.

21. That on 10/02/2018, despite Plaintiff's insistence not to, and after the cease, Defendant sent Plaintiff an envelope of itemized statements. Said correspondence stated, "This is an attempt to collect a debt".

22. That on 10/04/2019, Defendant did send an envelope of itemized statements.

23. Said statement stated, "This is an attempt to collect a debt".

24. On the same day, Plaintiff received even more statements from the Defendants, which stated, "This is an attempt to collect a debt".

25. That on 10/19/2018, Defendant sent more statements to Plaintiff, which stated, "This is an attempt to collect a debt".

26. That on 11/16/2018, Defendant mailed Plaintiff a collection notice. Said notice stated, "This is an attempt to collect a debt".

27. That for all actions of its agents, *respondeat superior* makes Defendant responsible for the actions of its employees and agents in derogation of the Fair Debt Collections Practices Act.

28. Plaintiff is a disabled adult.

29. Plaintiff suffers from post-traumatic stress disorder and panic disorder.

30. Plaintiff suffered actual, compensable damages to be determined by the jury.

## CLASS ALLEGATIONS

31. Plaintiff brings this action individually, and as a class action, pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(2), on behalf of all consumer-subjects in the United States, as to Claim I below, of the following Class:

    - All consumers in the United States, beginning one year before the filing of this Complaint and continuing through the resolution of this action, to whom, on information and belief upon reasonable inquiry by the Plaintiff, and by discerning the use of a prepared script by Defendant's agents in their respective communications to the Plaintiff,

>   Defendant made initial oral communications via voicemail that failied to disclose, "that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose", as 15 U.S.C. §1692e(11) plainly mandates.

32. The Class is so numerous that joinder of all members is impracticable.

33. Although the precise number of Class members is known only to Defendants, on information and belief upon reasonable inquiry by the Plaintiff that includes his own first-hand experiences with the Defendant's agents, Defendant communicates and attempts communications with hundreds if not thousands of American consumers each year using a scripted message that intentionally fails to make proper disclosures mandated by law, specifically and without limitation, 15 U.S.C. §1692e(11).

34. Accordingly, Plaintiff estimates that the class size numbers in the thousands.

35. There are questions of law and fact common to each Class that

predominate over any questions affecting only individual Class members.

36. The principal question is whether Defendant violated 15 U.S.C. §1692e(11) while Defendant left scripted voicemail communications during an initial communication failing to disclose adequately to consumers that Defendant was a debt collector, and that the communication was an attempt to collect a debt, and any information would be used for that purpose.

37. Plaintiff's claims are typical of the claims of each Class, which all arise from the same operative facts and are based on the same legal theories.

38. This action should be maintained as a class action because the prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, as well as a risk of incompatible standards of conduct for the parties opposing the Class, as well as a risk of adjudications with respect to individual members which would as a practical matter be dispositive of the interests of other members not

parties to the adjudications or substantially impair or impede their ability to protect their interests, and the injuries to class members are amenable to class-wide injunctive relief to enjoin the Defendants from continued perpetration of Federal Law.

39. Whether an agent of the Defendant communicated with a consumer can easily be determined by a ministerial inspection of Defendant's business records.

40. Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief, or corresponding declaratory relief with respect to the Class as a whole, appropriate.

41. The integrity of the Federal Fair Debt Collections Practices Act, which regulates debt collectors is, by findings of fact, legislative conclusions, and Act of Congress, a matter of paramount importance to the general public, and is most amenable to resolution by class action.

42. A class action is a superior method for the fair and efficient adjudication of this controversy.

43. The interest of Class members in individually controlling the

prosecution of separate claims against Defendant is slight because maximum statutory damages are limited to $1,000.00 under the FDCPA.

44. Management of the Class claims is likely to present significantly fewer difficulties than those presented in many individual claims.

45. The identities of the Class members may easily be obtained from Defendant's records.

46. Plaintiff will fairly and adequately protect and represent the interests of the Class.

47. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class because Defendant's conduct was perpetrated on all members of the Class, and will be established by common proof.

48. Resolution of the merits of these claims for all class members, and the conferring of common relief upon each and all class members, is feasible and practical by class action.

49. Moreover, Plaintiff can retain counsel with experience in consumer law actions and, if necessary, capable of association with more experienced counsel well versed in actions involving class actions and consumer protection laws, including the FDCPA.

50. Neither Plaintiff nor potential counsel have any interests which might cause them not to pursue this claim vigorously.

51. That Plaintiff has prior relations with class counsel and will retain their services if he survives his individual claims and motions for class certification.

## CLAIMS

### I.  FDCPA 15 U.S.C. 1692e(11)
### False or Misleading Representations

52. Plaintiff realleges and reasserts each and every claim and averment above.

53. That in the initial communication with Plaintiff, Defendant failed to disclose that "that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose", in direct violation of the plain words of 15 U.S.C. §1692e(11).

54. That in no initial communication via voicemail does Defendant leave this disclosure in their scripted message with Plaintiff, or with any consumer.

55. Plaintiff suffered compensable damages, to be determined by the jury.

56. Nonetheless, Plaintiff seeks only statutory damages of $1,000.

### 57.  *FDCPA 15 U.S.C. 1692c(c)*
### *Ceasing Communication*

58. Plaintiff realleges and reasserts each and every claim and averment above.

59. That following a cease and desist, plainly stated by the Plaintiff to the Defendant, Defendant continued collection efforts on 10/02/2018, 10/04/2018, 10/19/2018, 11/16/18.

60. Plaintiff suffered compensable damages, to be determined by the jury.

61. Plaintiff seeks compensatory damages including emotional distress.

62. That Plaintiff seeks statutory damages of $1,000.

**WHEREFORE**, Plaintiff Troy Scheffler prays for the following relief against the named Defendants:

A. Judgment in the favor of Plaintiff against Defendant;

B. Certification of the Class and naming Plaintiff as representative for the Class;

C. Statutory and actual damages;

D. Costs and disbursements in accordance with law;

E. Prejudgment interest in accordance with law;

F. Reasonable Attorney Fees;

G. Grant Plaintiff and the Class leave to amend the Complaint to conform to evidence later produced; and

H. Such other legal or equitable relief as this court is pleased to grant.

## PLAINTIFF DEMANDS A TRIAL BY JURY.

## VERIFICATION

Having reviewed the above complaint, plaintiff Troy Scheffler affirms under penalty of law that all statements above, excluding those made on information and belief, are true to the best of Plaintiff's present knowledge.

Date: 04/29/2019

Troy Scheffler
Plaintiff
26359 Shandy Trl
Merrifield, MN 56465
763-225-7702

Reviewed and signed in accordance with Fed. R. Civ. P. 11.

Date:29 April 2019        Respectfully:

PETER J. NICKITAS LAW OFFICE, LLC

/s/ *Peter J. Nickitas* (electronically signed)

_____
Peter J. Nickitas, MN Att'y #212313
Attorney for the Plaintiff
431 S. 7th St., Suite 2446
Minneapolis, MN 55415
651.238.3445(D)/1.888.389.7890(F)
peterjnickitaslawllc@gmail.com